UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 07-14030-CR-MARTINEZ

UNITED STATES OF AM ERICA,

v.

LEON D. CLARKE,

    Defendant.
_____/

### ORDER DENYING MOTIONS TO APPOINT COUNSEL

**THIS CAUSE** is before the Court on Defendant Leon D. Clarke's Motions Requesting Appointment of Appellate Counsel. (ECF Nos. 201 & 203). Defendant filed two nearly identical motions requesting the appointment of counsel to represent him during his appeal of the Court's Order on Motion for Relief from Judgment Pursuant to Rule 60(b). The Order on appeal construed Defendant's Motion for Relief from Judgment as a successive habeas petition and dismissed the petition for lack of jurisdiction. (*See* ECF No. 197).

Prisoners do not "have a constitutional right to counsel when mounting collateral attacks upon their convictions[.]" *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). In general, the Court will "appoint counsel in post-conviction proceedings only after a petition for post-conviction relief passes initial judicial evaluation and the court has determined that issues are presented calling for an evidentiary hearing." *Johnson v. Avery*, 393 U.S. 483, 487 (1969). Similarly, the Rules Governing Section 2255 Proceedings for the United States District Courts provide that "if an evidentiary hearing is warranted," or "[i]f necessary for effective discovery," "the judge must appoint an attorney to represent the moving party who qualifies to have counsel appointed under

18 U.S.C. § 3006A." *See* Rules Governing Section 2254 Cases and Section 2255 Proceedings, Rules 6(a), 8(c). A movant qualifies to have counsel appointed under 18 U.S.C. § 3006A(a)(2) if the movant is financially eligible and "the interests of justice so require." 18 U.S.C. § 3006A(a)(2). Even when a defendant "does not have a constitutional, statutory, or rule-based right to counsel, the district court may exercise its discretion as to whether to appoint counsel." *United States v. Johnson*, 842 F. App'x 402, 405 (11th Cir. 2021) (citations omitted).

Here, an evidentiary hearing is not warranted, nor is counsel necessary for effective discovery. Moreover, Defendant has not demonstrated that the interests of justice require counsel. Accordingly, Defendant is not entitled to appointed counsel during his appeal. *See id.* (affirming order denying motion to appoint appellate counsel on appeal of order dismissing habeas petition as successive). The Court will not exercise its discretion to appoint counsel in this case. After consideration, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motions to Appoint Appellate Counsel, (ECF Nos. 201 & 203), are **DENIED.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 21 day of July, 2022

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Devane Jenkins, *pro se*
All Counsel of Record